UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WALTER CRATE<br>800-37 Windward Drive<br>Aurora, Ohio 44202<br><br>    Plaintiff,<br><br>vs.<br><br>FALCONHEAD CAPITAL, LLC<br>450 Park Avenue<br>Third Floor<br>New York, New York 10022<br><br>    Defendant. | CASE NO.<br><br>JUDGE<br><br>**COMPLAINT**<br><br>**[Trial By Jury Requested]** |

## INTRODUCTION

1.   Plaintiff Walter Crate is an individual citizen of the state of Ohio residing in the Northern District of Ohio.

2.   Defendant Falconhead Capital, LLC ("Falconhead") is, on information and belief, a Delaware limited liability corporation with its principal place of business located in New York, New York in the Southern District of New York..

3.   This action is for breach of a contract between Plaintiff and Defendant.

## JURISDICTION AND VENUE

4.   This Court has jurisdiction of the matter pursuant to 28 U.S.C. §1332 since there is diversity of citizenship of the parties and the matter in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

5.  Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(a) since Defendant Falconhead resides in this judicial district.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

6.  On January 3, 2006 Falconhead, through its agent, directed a written and accepted letter agreement to Plaintiff by electronic mail at Plaintiff's home in Ohio. On that same date Plaintiff signed the letter accepting the terms of the agreement and thereby forming a contract. A copy of the contract is attached hereto as Exhibit A.

7.  Pursuant to the terms of the contract Plaintiff was to identify and assist, as directed by Defendant, in the potential acquisition by Falconhead of an entity identified as Elite Racing, Inc. The contract required a meeting with a representative of the acquisition target within sixty days of the date of the contract. Plaintiff arranged for this meeting and it took place within the sixty day time period. The contract provided that Plaintiff would be paid a transaction fee if Defendant acquired Elite Racing, Inc. and that this fee would be based on a percentage of the amount paid for the acquisition.

8.  Plaintiff performed all of his obligations under the contract including any conditions precedent.

9.  Defendant did acquire Elite Racing, Inc. for an amount that Plaintiff has not been able to finally determine.

10. Defendant, in breach of the contract, has refused to pay Plaintiff the transaction fee due him under the contract.

WHEREFORE, Plaintiff prays for

    a).  Damages in an amount determined by application of the terms of the contract;

b).  Interest and costs; and

c).  Such other relief as is appropriate under law and equity.

Respectfully submitted,

_____
PETER F. TAMIGI (5929)
BURNS, RUSSO, TAMIGI & REARDON, LLP
390 Old Country Road
Garden City, New York 11530
(516) 746-7371
FAX (516) 747-7682
ptamigi@msn.com

and

DENNIS R. LANSDOWNE (Ohio No. 0026036)
NICHOLAS A. DICELLO (Ohio No. 0075745)
RICHARD H. BLAKE (New York No. 2260362)
SPANGENBERG, SHIBLEY & LIBER, LLP
1900 East Ninth Street
Suite 2400
Cleveland, Ohio 44114
(216) 696-3232
FAX (216) 696-3924
drl@spanglaw.com
nad@spanglaw.com
rhb@spanglaw.com
**Counsel for Plaintiff**

```
Jan 03 2006 4:08PM    HP LASERJET FAX              390-995-4919              p.1
```

PERSONAL & CONFIDENTIAL

January 3, 2006

Mr. Brian Crosby
Partner
Falconhead Capital LLC
450 Park Avenue
3rd Floor
New York, New York 10022

Dear Brian:

I appreciate the opportunity to outline in this letter agreement (this "Agreement") the terms by which Walter Crate ("Walter Crate" or "I") will work with Falconhead Capital, LLC ("Falconhead" or the "Firm") in connection with identifying Elite Racing (the "Target") to the Firm as a potential Acquisition (as defined below).

As part of our engagement, Walter Crate will, as appropriate and as directed by the Firm, assist the Firm in the potential acquisition of the Target. Walter Crate represents that it is not working with any other entity and except for its agreement with Pfingsten Partners, LLC dated February 1, 2005, Walter Crate has no, nor will enter into any, fee or other compensation arrangements with any other entity with respect to a potential Acquisition or any other type of transaction involving the Target, and will not work with any other entity (including Pfingsten Partners, LLC) or enter into any fee or other compensation arrangement with any other entity with respect to a potential Acquisition or any other type of transaction involving the Target unless the Firm abandons its efforts to effect an Acquisition and provides prior written approval to Walter Crate. If within ninety (90) days from the date hereof an exclusive letter of intent is not signed between the Target and Falconhead, nothing shall preclude Walter Crate from pursing a potential acquisition of the Target with a third party; provided however, that if Walter Crate pursues a potential acquisition of the Target with a third party, the terms of this agreement shall expire. If within sixty (60) days from the date hereof a meeting between Falconhead and the Target is not arranged by Walter Crate and Falconhead despite both parties using good faith and reasonable efforts, the terms of this Agreement shall expire.

If an Acquisition is consummated by the Firm, the Firm will pay Walter Crate a fee based upon the Aggregate Consideration (as defined below), which shall be calculated as follows (the "Transaction Fee"):

- 5% of the first $1,000,000 of Aggregate Consideration; plus

- 4% of the next $1,000,000 of Aggregate Consideration (if applicable); plus

- 3% of the next $1,000,000 of Aggregate Consideration (if applicable); plus

- 2% of the next $1,000,000 of Aggregate Consideration (if applicable); plus

**EXHIBIT A**

```
JAN-03-2006 05:11PM   FAX:390 995 4919        ID:FHC LFG              PAGE:001  R=95%
```

Jan 03 2006 4:08PM    HP LASERJET FAX    330-995-4919    P.2

Page 2
Falconhead Capital, LLC

- 1% of the next $1,000,000 of Aggregate Consideration (if applicable); plus
- 0.75% of the amount of Aggregate Consideration over $5,000,000 (if applicable).

The Transaction Fee shall be payable upon the consummation of the Acquisition. The Transaction Fee payable hereunder is net of any applicable withholding and similar taxes, which the Firm is required to withhold under applicable law.

In addition, whether or not an Acquisition is consummated by the Firm, the Firm will reimburse Walter Crate for Walter Crate's reasonable out-of-pocket expenses (e.g., travel expenses and other due diligence expenses) solely incurred in connection with Walter Crate's obligations under this Agreement (the "Transaction Expenses") in an aggregate amount not to exceed $10,000. Such Transaction Expenses will be subject to review and approval by Falconhead.

For purposes of this Agreement, the term "Acquisition" shall mean (a) the sale (whether in one or a series of related transactions) of 50% or more of the Target's assets (on a consolidated basis) or the capital stock of the Target or (b) any recapitalization, restructuring, liquidation, any combination thereof, or any other form of disposition in each case in clause (b) that results in the effective sale of the principal business and operations of the Target by the current owners to a non-related third-party. Also, for purposes of this Agreement, the term "Aggregate Consideration" shall mean the total fair market value at the time of the consummation of the Acquisition of all consideration paid for the Target.

The term of Walter Crate's engagement as financial advisor to the Firm (the "Term") shall commence on the date hereof and continue until the earlier of (x) the consummation of an Acquisition, or (y) termination by either party in accordance with the provisions of the Section entitled Termination below.

Termination

Either party may terminate this Agreement at any time, with or without Cause (as defined below), upon ten (10) days prior written notice thereof. If the Firm terminates this Agreement without Cause, Walter Crate shall be entitled to be paid the Transaction Fee if an Acquisition is consummated by the Firm on or before the date that is one (1) year anniversary of the effective date of the termination of the Term. If the Firm terminates this Agreement for Cause or Walter Crate terminates this Agreement, Walter Crate shall not be entitled to receive the Transaction Fee. As used herein, the term "Cause" shall mean (i) any material breach of this Agreement, or (ii) any other conduct of Walter Crate which, in the reasonable opinion of the Firm, is reasonably likely to result in material liability or material damage (financial or otherwise) to the Firm.

This Agreement shall be governed by, and construed and enforced in accordance with, the laws of the State of New York without regard to any conflict of law provision, which may cause the application of any law other than the internal laws of the State of New York. If any term, provision, covenant or restriction contained in this Agreement is held by a court of competent jurisdiction to be void, invalid, or otherwise unenforceable, in whole or part, the remaining

EXHIBIT A

JAN-03-2006 05:11PM    FAX:330 995 4919    ID:FHC NFC    PAGE:002    R=95%

Jan 03 2006 4:08PM    HP LASERJET FAX    330-995-4919    p.3

Page 3
Falconhead Capital, LLC

terms, provisions, covenants and restrictions contained in this Agreement shall remain in effect. This Agreement may be executed in two or more counterparts, each of which shall be deemed to be an original, but all of which shall constitute one and the same agreement.

Walter Crate shall not have the right to place announcements and advertisements in financial and other newspapers and journals describing its services for the Firm in connection with the Acquisition, unless the Firm has given its prior written approval. Any placement by Walter Crate (if approved by the Firm) would be at its own expense.

**EXHIBIT A**

JAN-03-2006 05:12PM    FAX:330 995 4919    ID:FHC WFG    PAGE:003    R=94%

Jan 09 2006 4:09PM    HP LASERJET FAX    330-995-4919    p.4

Page 4
Falconhead Capital, LLC

This engagement is important to me and I appreciate the opportunity to serve you. If you are in agreement with the terms set forth herein, please confirm that the foregoing is in accordance with your understanding of our agreement by signing and returning this Agreement.

Very truly yours,

_/s/ Walter W. Crate_
WALTER CRATE

AGREED TO AND ACCEPTED AS OF THE DATE HEREOF:

FALCONHEAD CAPITAL, LLC

By: _/s/ Brian D. Crosby_
Name: Brian Crosby
Title: Partner

EXHIBIT A