UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WALTER CRATE,<br><br>        Plaintiff,<br><br>v.<br><br>FALCONHEAD CAPITAL, LLC,<br><br>        Defendant.<br><br>FALCONHEAD CAPITAL, LLC<br><br>        Counterclaim Plaintiff,<br><br>v.<br><br>WALTER CRATE,<br><br>        Counterclaim Defendant. | ECF Case<br><br>08-cv-6063 (AKH)(KNF) |

## **ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF DEFENDANT FALCONHEAD CAPITAL, LLC**

Defendant Falconhead Capital, LLC ("Falconhead") hereby sets forth its Answer to the Complaint of Plaintiff Walter Crate:

### **INTRODUCTION**

1. Falconhead admits the allegations in Paragraph 1.

2. Falconhead admits that it is a limited liability corporation organized under the laws of the State of Delaware with its principal place of business in New York, New York.

3. Falconhead admits that Plaintiff purports to plead a claim for breach of contract but otherwise denies the allegations in Paragraph 3.

**JURISDICTION AND VENUE**

4. Paragraph 4 states a legal conclusion to which no response is required.

5. Paragraph 5 states a legal conclusion to which no response is required. Falconhead admits that its principal place of business is within the Southern District of New York.

**FIRST CLAIM FOR RELIEF**
**(Breach of Contract)**

6. Falconhead admits that it sent a signed letter agreement to Plaintiff on January 3, 2006 and that Plaintiff signed the letter agreement and returned it to Falconhead that same day. By way of further answer, Falconhead states that Plaintiff fraudulently induced Falconhead into signing the letter agreement, thus rendering it null and void. Falconhead admits that Exhibit A is a copy of the letter agreement. Falconhead denies the remaining allegations in Paragraph 6.

7. Falconhead refers the Court to the letter agreement for the contents thereof and denies any allegations that are inconsistent therewith. Plaintiff admits that Crate arranged a meeting with a representative of Elite Racing Inc. ("Elite") within the 60-day period specified in the letter agreement. Falconhead denies the remaining allegations in Paragraph 7.

8. Falconhead denies the allegations in Paragraph 8.

9. Falconhead admits that it acquired Elite. Falconhead is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9.

10. Falconhead denies the allegations in Paragraph 10 except admits that it has refused to pay Plaintiff any transaction fee because it is not under any contractual obligation to make such a payment.

**PRAYER FOR RELIEF**

Falconhead denies that Plaintiff is entitled to the relief sought.

## AFFIRMATIVE DEFENSES

Falconhead does not assume the burden of proof on any affirmative defense where the substantive law provides otherwise.

1. Plaintiff's complaint fails to state a claim upon which relief can be granted.

2. The letter agreement is null and void because Plaintiff fraudulently induced Falconhead into signing it.

3. Plaintiff was not the procuring cause of Falconhead's acquisition of Elite, and thus is not entitled to any commission in connection with that acquisition.

4. Plaintiff's claims for relief are barred by the doctrine of unclean hands.

5. Falconhead reserves the right to plead additional defenses as may be appropriate depending upon facts later revealed during discovery.

## COUNTERCLAIM OF DEFENDANT FALCONHEAD CAPITAL, LLC

Pursuant to Federal Rule of Procedure 13, Falconhead asserts its Counterclaim against Walter Crate ("Crate") as follows:

### PARTIES

1. Counterclaim Plaintiff Falconhead Capital, LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business in New York, New York.

2. Defendant Crate is an individual citizen residing in Ohio.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1332 and 1367 because there is complete diversity, the claims exceed $75,000 and matters raised by this Counterclaim form part of the same case or controversy as the claims raised by Crate in his Complaint.

4.      This Court has personal jurisdiction over Counterclaim Defendant Crate because Crate voluntarily brought the suit now pending in this District.

**STATEMENT OF FACTS**

5.      In November and December 2005, Crate made several misrepresentations to Falconhead regarding his relationship with and knowledge of Elite Racing, Inc. ("Elite"), a sports marketing and management company, and Tim Murphy, Elite's CEO. Those misrepresentations were intended to, and did, induce Falconhead to enter into a relationship with Crate whereby Crate would be paid a commission if Falconhead acquired Elite Racing under certain circumstances.

6.      Crate represented to Brian Crosby of Falconhead that Tim Murphy was interested in selling Elite and that Crate had been authorized by Mr. Murphy to find a buyer for Elite. That representation was false because Mr. Murphy had not authorized Crate to find a buyer for Elite.

7.      In reliance on Crate's misrepresentation, Falconhead entered into a letter agreement with Crate, a copy of which appears as Exhibit A to the complaint. If Crate had not represented that he was authorized by Mr. Murphy to find a buyer for Elite and that Mr. Murphy was interested in selling the company, Falconhead would not have entered into the letter agreement.

8.      In reliance on Crate's representations, Falconhead spent substantial time, money and effort during early 2006 exploring the potential acquisition of Elite. All of this was wasted. Because Mr. Murphy had not in fact authorized Crate to find a buyer for Elite, Crate was unable to broker a transaction between Mr. Murphy and Falconhead.

9.      In early 2007, Falconhead was approached by Daniels & Associates L.P. about the possible acquisition of Elite. In contrast with Crate, Daniels & Associates had in fact been

4

authorized by Mr. Murphy to find a buyer for Elite and was able to broker a transaction between Mr. Murphy and Falconhead. On December 21, 2007, Falconhead acquired Elite.

## FIRST COUNTERCLAIM
### (Fraud)

10. Falconhead repeats and re-alleges the allegations of paragraphs 1-10 as if fully set forth herein.

11. As described above, Crate, in discussions with Brian Crosby of Falconhead before the parties entered into the letter agreement, misrepresented his relationship with Elite and Tim Murphy.

12. Falconhead reasonably relied on Crate's misrepresentations.

13. Had Falconhead known that Crate had not in fact been authorized to find a buyer for Elite, Falconhead would not have entered into the letter agreement and would not have expended substantial effort and expense in exploring a potential acquisition of Elite.

## PRAYER FOR RELIEF

WHEREFORE, Falconhead respectfully prays that the Court award the following relief, including:

(a) monetary damages for all expenses incurred by Falconhead in exploring the potential acquisition of Elite in reliance on Crate's misrepresentations;

(b) reimbursement to Falconhead of its attorneys' fees and costs;

(c) punitive damages; and

(d) all other relief that the Court deems just and proper.

5

| | |
|---|---|
| Date: August 4, 2008<br>New York, New York | Respectfully submitted,<br><br>/s/ Matthew F. Dexter<br><br>Eric F. Leon<br>Matthew F. Dexter<br>KIRKLAND & ELLIS LLP<br>Citigroup Center<br>153 East 53rd Street<br>New York, NY  10022<br>(212) 446-4800<br>eleon@kirkland.com<br>mdexter@kirkland.com<br><br>Attorneys for Defendant<br>Falconhead Capital LLC |